UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL LYNN LICHT,

        Plaintiff,

v.

                                                  Civil No. 11-13102
COMMISSIONER OF                          Honorable Julian Abele Cook, Jr.
SOCIAL SECURITY,

        Defendant.

## ORDER

This case involves a complaint by the Plaintiff, Crystal Lynn Licht ("Licht"), who, in relying upon the authority of 42 U.S.C. § 405(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). The parties have filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, both of which were forwarded by the Court to Magistrate Judge Mona K. Majzoub for her evaluation. In a report on July 23, 2012, she recommended to this Court that it (1) grant the Commissioner's motion for summary judgment, and (2) deny Licht's dispositive motion. As of this date, neither party has expressed any objections to the magistrate judge's report.

For the reasons that have been set forth below, this Court adopts the report, including the recommendations of Magistrate Judge Majzoub, in its entirety.

I.

1

On August 1, 2007, Licht filed applications for a period of disability, disability insurance benefits, and supplemental security income, claiming a disability which began on January 10, 2007. As of the date of onset of her alleged disability, she (1) was twenty-eight years old, (2) possessed a General Educational Development (GED) certificate that had been obtained by her in 2006, and (3) had acquired a wide variety of past relevant work experiences through part-time employment as a waitress/bartender, cashier, daycare worker, and fast food worker. Licht lives in a duplex with her husband and four children.

In her applications, she claims to have suffered from fibromyalgia, daily muscle spasms, migraines, chronic pain in her upper and lower back, a cyst in her knee, carpel tunnel syndrome, scoliosis, and depression. Licht contends that, because of her disabilities, her husband and children do most of the housework, cleaning, and cooking, along with some help from her whenever she can assist them. When her initial application for Social Security benefits was rejected, Licht sought and ultimately obtained a *de novo* hearing before an administrative law judge who, in a decision on April 30, 2010, determined that she was not a disabled person within the meaning of the Social Security Act. The administrative law judge concluded that, although Licht suffered from several severe impairments (bilateral carpel tunnel syndrome, a history of a cyst on her knee, myofascial pain syndrome/fibromyalgia, obesity, headaches, and major depression), she did not have an impairment or any combination of impairments that met or equaled the "Listing of Impairments." The administrative law judge also determined that Licht possessed the residual functional capacity ("RFC") to perform sedentary work subject to the additional restrictions that she (1) may only occasionally climb, stoop, kneel, crawl, balance, and crouch; (2) can have no exposure to heights or hazards; (3) may perform frequent but not constant bilateral fingering; (4) must have the ability

to use a cane in the workplace; and (5) can do work with only simple instructions and routine tasks. It was also the opinion of the administrative judge that these limitations precluded Licht from performing any of her past relevant work. However, the administrative law judge, after evaluating the opinion of a vocational expert, also determined that, given these restrictions as well as such other factors as age, education, and work experience, she is able to perform a significant number of jobs that are available in the national economy. Thus, it was the conclusion of the administrative law judge that Licht was not suffering from a compensable disability, as defined by the Social Security Act. This determination became the final decision of the Commissioner on May 13, 2011, when the Appeals Council denied her request for a review. This lawsuit followed.

## II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

## III.

In her appeal, Licht argues that the decision by the administrative law judge ("ALJ") was erroneous because the opinion by the vocational expert had been elicited in response to a purportedly inaccurate hypothetical question. "A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). When forming a hypothetical question, the administrative law judge "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Moreover, a finding relating to a question of credibility must be based upon the entire case record, and must be "sufficiently specific to make clear to the individual and any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for the weight." SSR 96-7p. Finally, "[s]ince the [administrative law judge] has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey*, 987 F.2d at 1234 (citation and internal quotation marks omitted); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

In the present case, as noted by Magistrate Judge Mona K. Majzoub in her report and recommendation, Licht argues that the ALJ's decision is not supported by substantial evidence because the ALJ formulated an inaccurate hypothetical that did not fully account for her moderate deficiencies in maintaining concentration, persistence and pace. Her argument is fundamentally a challenge to the accuracy of the residual functional capacity ("RFC"). Specifically, Licht alleges that the ALJ had failed to take into account her testimony that she has moderate difficulties with

concentration, persistence or pace based on her need to sleep all of the time, feeling fatigued, lack of patience, and difficulty with concentration and memory. As detailed at length in the Commissioner's brief, the administrative law judge, upon review of the entire record, did specifically consider the relevant functions and the evidence in the record relating thereto in rendering her residual functional capacity determination. As required by SSR 96-7p, the ALJ gave the following specific reasons for discounting Licht's testimony, specifically weighing her statements about the scope of her limitations against evidence showing that she (1) obtained her GED in 2006, then had the fortitude to enroll in an online associate's degree program and balance her courses, child rearing duties, and other responsibilities and remain on track to graduate in February 2008; (2) developed the curriculum for her children's home schooling, which she claimed was just as rigorous as any public school education; (3) paid the bills and reviewed invoices, wrote checks, and assisted in the budgeting for her husband's deejay business; (4) helped rear her children; and (5) maintained friendships. Furthermore, the ALJ observed that Licht had no evidence of on-going side-effects from her medications, and that medical records from her treating physician indicated that she was capable of doing office work.

After considering and evaluating the reliability of all the relevant evidence, the ALJ made a specific finding that Licht's statements were not fully credible. In combination with objective medical evidence which, in her opinion, was inconsistent with her claims that she was unable to perform sedentary office work, the ALJ "used adequate alternate concrete job restrictions," *Tinker v. Astrue*, No. 08-11675, 2009 WL 3064780, at *8 (E.D. Mich. Sept. 22, 2009), that accounted for all of the claimed limitations that she credible, *see Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115,

118-19 (6th Cir. 1994) ("[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals. . . ."); *Casey*, 987 F.2d at 1235.

Therefore, the determination by the ALJ that Licht could perform a significant number of jobs based on the vocational expert's response to the hypothetical question is supported by substantial evidence. Thus, Licht's argument to the contrary must be rejected.

IV.

For the reasons that have been outlined above, this Court adopts the report of the Magistrate Judge Majzoub. Accordingly, (1) the Commissioner's motion for summary judgment is granted, and (2) Licht's motion for summary judgment is denied.

IT IS SO ORDERED.

Date: September 5, 2012  s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 5, 2012.

s/ Kay Doaks
Case Manager